UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-7600-MWF (Ex) | Date: February 27, 2018 |
| Title: Mark Hadad, et al. v. Does | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION

On October 17, 2017, Plaintiffs filed a Complaint against Doe Defendants, alleging various claims for relief under California state law. (Docket No. 1). As of February 14, 2018, Plaintiffs had not filed proof that they had identified or served any of the Defendants. On that day, the Court issued an Order directing Plaintiffs to show cause, in writing, by February 23, 2018, why the action should not be dismissed for lack of prosecution. (the "OSC") (Docket No. 8). The Court indicated that an appropriate response would consist of: a) proof of service upon Defendants; b) answers by Defendants; or c) an application for default pursuant to Federal Rule of Civil Procedure 55(a). (*Id.*). The Court also directed Plaintiffs to show cause, in writing, by February 23, 2018, why the action should not be dismissed for lack of subject matter jurisdiction if none of the Doe Defendants had been served or otherwise identified. (*Id.*). The Court warned that failure to timely respond would result in dismissal of the action. (*Id.*).

Plaintiffs have not responded to the OSC in any manner.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-7600-MWF (Ex) | **Date:** February 27, 2018 |
| Title: Mark Hadad, et al. v. Does | |

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution and failure to comply with the Court's OSC is warranted. Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.